**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON HEGGELKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YETI HOLDINGS INC.<br><br>Defendant. | Case No. 1:26-cv-2420 (MAD/PJE)<br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Jason Heggelke, ("Plaintiff") brings this Class Action Complaint against YETI Holdings Inc. ("YETI" or "Defendant") as an individual and on behalf of all others similarly situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a civil action brought by a United States citizen and customer of YETI.

2. On February 20, 2026, the Supreme Court of the United States ruled that certain tariffs imposed under the International Emergency Economic Powers Act were illegal.

3. Before that ruling, as part of a strategy to offset the costs of paying the illegal tariffs, YETI implemented increased prices on their goods, which affected customers, including Plaintiff.

4. Plaintiff paid these increased prices when purchasing YETI products.

5. Because the underlying tariffs have been declared illegal, Plaintiff seeks recovery of amounts collected by Defendant that were based on or attributed to those unlawful tariffs.

6. Plaintiff brings this action on behalf of himself and those similarly situated to recover money wrongfully collected from him and the Class by Defendant under the illegal tariffs and to obtain appropriate relief permitted by law.

## JURISDICTION & VENUE

7. Plaintiff incorporates the previous paragraphs as if fully alleged herein.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members; the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs; and at least one Class member is a citizen of a state different from the Defendant.

9. This Court has personal jurisdiction over Defendant because Defendant purposefully marketed, advertised, and sold the Affected Products to consumers, including Plaintiff, within this forum state. Defendant thereby established sufficient minimum contacts by directing its commercial activities into the state and engaging in transactions that form the basis of Plaintiff's claim. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and suffered the alleged harm here.

## PARTIES

10. Plaintiff incorporates the previous paragraphs as if fully alleged herein.

11. Plaintiff Jason Heggelke is a citizen of the State of New York. At all relevant times, Plaintiff has been a resident of New York.

12. Defendant maintains a principal place of business at 7601 Southwest Pkwy, Austin, TX 78735, USA.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates the previous paragraphs as if fully alleged herein.

14. On May 13, 2025, CNN Business reported that, as a response to tariffs, YETI "raised prices on 14 items in April, including coolers by an average of 7%, water bottles and tumblers by an average of 11% and dog bowls by an average of 22%"[1]

15. On May 8th, 2025, in an earnings call for the first quarter of that year, YETI CEO

Matthew J. Reintjes mentioned the impact of tariffs and discussed “mitigation efforts,” which included “pricing as well as cost offsets in partnership with our suppliers.” In the same call, he further reassured investors that “We are aggressively pursuing various ways to mitigate the impact of tariffs, both on the cost front in partnership with our suppliers as well as via pricing”[2]

16. Later, in September 2025, in its Quarter 3, 2025 Earnings Report, YETI claimed that “the impact of selective price increases on certain drinkware products implemented during the second quarter of 2025, which favorably impacted gross margin by 40 basis points.”[3]

17. Plaintiff purchased several YETI products during the period of the Tariffs. On May 6th, 2025, using his credit card, Plaintiff purchased a 20 oz YETI Tumbler for $35 at Palmetto Moon Clothing Store in Mt Pleasant, SC. On July 3rd, 2025. On Sept 2nd, 2025, he purchased a YETI Roadie 24 Hard Cooler for $250 with his credit card at the Bass Pro Shop in Clifton Park, NY.

18. On February 20, 2026, the Supreme Court of the United States ruled that tariffs imposed by President Donald Trump under the International Emergency Economic Powers Act (“IEEPA”) were illegal.

19. As a result of this ruling, YETI expects to fully recover $66.5 million in Tariff costs and has already begun receiving refunds.[4] In its 2026 Q3 Earnings Report, YETI reported that tariff refunds were yielding considerable financial benefits to the company.[5]

---

[1] https://www.cnn.com/2025/05/13/business/prices-tariffs-trump-strollers-power-tools (last accessed 11/12/2026 10:26 AM)
[2] YETI Holdings, Inc. - YETI Holdings, Inc. 1Q25 Earnings Conference Call (last accessed 11/12/2026 11:07 AM)
[3] Inline Viewer: YETI Holdings, Inc. 10-Q 2025-09-27 (last accessed 11/12/2026 11:18 AM)
[4] yeti-20260704 (last accessed 11/12/2026 11:48 AM)
[5] Inline Viewer: YETI Holdings, Inc. 10-Q 2026-10-03 (last accessed 11/12/2024 11:44 AM)

20. Plaintiff paid money under the illegal tariffs to Defendant, and to date has received no benefit from the refunds provided to YETI. Plaintiff brings this action on behalf of himself and those similarly situated to recover money wrongfully collected and to obtain appropriate relief permitted by law.

## CLASS ALLEGATIONS

21. Plaintiff incorporates the previous paragraphs as if fully alleged herein.

22. Plaintiff brings this nationwide class action individually, and on behalf of all similarly situated individuals, pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

23. The Class that Plaintiff seeks to represent is defined as follows:

> **Nationwide Class:** All individuals residing in the United States who paid unlawful tariffs for any YETI products under the International Emergency Economic Powers Act (the "Class").
>
> **New York Subclass:** All individuals residing in New York who paid unlawful tariffs for any YETI products under the International Emergency Economic Powers Act (the "New York Subclass").

24. Collectively, the Class and Subclasses are referred to as the "Classes" or "Class Members."

25. Excluded from the Classes are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers, and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

26. Plaintiff reserves the right to amend the definitions of the Classes or add a Class or Subclass if further information and discovery indicate that the definitions of the Classes should be narrowed, expanded, or otherwise modified.

27. **Numerosity:** Numerosity: The Class is so numerous that joinder of all Class Members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, upon information and belief, Plaintiff estimates that the Class is comprised of thousands of Class Members, if not more. The Class is sufficiently numerous to warrant certification.

28. **Typicality**: Typicality of Claims: Plaintiff's claims are typical of those of other Class Members because Plaintiff, like the unnamed Class, purchased goods from Defendant that were subject to IEEPA tariff related price increases. The harm suffered by Plaintiff is similar to that suffered by all other Class Members which was caused by the same misconduct by Defendant.

29. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that Plaintiff has no disabling conflicts of interest that would be antagonistic to those of the other Class Members. Plaintiff seeks no relief that is antagonistic or adverse to the Class Members and the infringement of the rights, and the damages suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex class actions and Plaintiff intends to prosecute this action vigorously.

30. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class Members are relatively small, the expense and burden of individual litigation make it impossible for individual Class Members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

31. **Predominant Common Questions:** The claims of all Class Members present common questions of law or fact, which predominate over any questions affecting only individual

Class Members, including, but not limited to:

a. Whether Defendant engaged in the uniform conduct, practices, representations, omissions, or policies alleged herein;

b. Whether Defendant paid the IEEPA tariffs imposed on products during the Class Period;

c. Whether Defendant increased retail prices on goods sold to consumers in response to the IEEPA tariffs and in response to the economic uncertainty the tariffs imposed on Defendant's business;

d. Whether Defendant's conduct was unlawful, or otherwise actionable under applicable federal and state law;

e. Whether Defendant breached duties owed to Plaintiff and Class Members;

f. Whether Defendant's conduct caused injury to Plaintiff and Class Members

g. Whether Defendant was unjustly enriched; and

h. The appropriate measure of restitution, damages, and other relief owed to U.S purchasers of the products that resulted from Defendant's conduct.

32. These common questions are capable of class wide resolution because they arise from Defendant's uniform conduct and do not depend on individualized proof. The determination of these issues will resolve central aspects of Defendant's liability in a single adjudication and will materially advance the resolution of this litigation.

33. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

34. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

## FIRST CAUSE OF ACTION
### Unjust Enrichment

***(On behalf of Plaintiff and the Classes)***

35. Plaintiff incorporates previous paragraphs as if fully set forth herein.

36. Plaintiff and Class members conferred a direct financial benefit upon Defendant by paying tariff-related price increases imposed by Defendant.

37. Defendant knowingly received and accepted these benefits.

38. The tariff-related price increases Defendant imposed and collected were unlawful and unauthorized.

39. Defendant collected and retained funds to which they were not legally entitled.

40. Defendant retained these funds despite knowing, or having reason to know, that such charges were unlawful, invalid, or subject to refund.

41. It would be inequitable and unjust for Defendant to retain these funds.

42. Plaintiff and Class members suffered economic injury as a result of Defendant's unjust retention of these funds.

43. Defendant was unjustly enriched at the expense of Plaintiff and Class members.

44. Equity and good conscience require that Defendant disgorge all unlawfully obtained funds and make restitution to Plaintiff and Class members.

**SECOND CAUSE OF ACTION**
**Deceptive Acts or Practices, New York GBL § 349**
**(*On behalf of the New York Subclass*)**

45. Plaintiff incorporates previous paragraphs as if fully set forth herein.

46. Plaintiff brings this count on behalf of himself and the New York Subclass.

47. By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by not issuing refunds for money paid by consumers for their Products to account for the now-illegal tariffs.

48. The foregoing deceptive acts and practices were directed at consumers.

49. Defendant's conduct is unfair because it causes substantial injury which is not reasonably avoidable and is not outweighed by countervailing benefits to consumers or to competition thus creating a deceptive practice.

50. On behalf of himself and other members of the Classes, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover damages, and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION
**Declaratory Judgment**
***(On behalf of Plaintiff and the Classes)***

51. Plaintiff incorporates previous paragraphs as if fully set forth herein.

52. Despite the IEEPA tariffs being declared illegal, and Defendant having received refunds of the tariffs, Defendant has not established a refund process for Plaintiff and Class Members.

53. As a direct and proximate result of the Defendant's conduct, Plaintiff and Class Members suffered damages.

54. A controversy exists between the parties, having adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment.

55. Under the Declaratory Judgment Act, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further relief as necessary.

56. Accordingly, Plaintiff and Class Members are entitled to a declaration that any contract, agreement, or other arrangement that permitted Defendant to collect funds from Plaintiff and Class Members for IEEPA tariff-related charges are void.

57. Plaintiff and Class Members are also entitled to a declaration that any refund Defendant obtains from the U.S. government for IEEPA tariffs must be returned to Plaintiff and Class Members.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the other members of the Classes

alleged herein, respectfully requests that the Court enter judgment as follows:

A. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Classes and counsel for Plaintiff as Class Counsel;

B. For an order declaring the Defendant's conduct violates the statues and causes of action referenced herein;

C. For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief requiring the disgorgement of the revenues wrongfully retained as a result of the Defendant's conduct;

G. For injunctive relief as pleaded or as the Court may deem proper; and

H. For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit, and any other expense, including expert witness fees; and

I. Such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint and of all issues in this action that are triable as of right.

Dated: November 23, 2026

Respectfully submitted,

*/s/ Michael A. Tompkins*
**LEEDS BROWN LAW, P.C.**
134 Mineola Blvd, 2nd Floor
Mineola, NY 11501
Telephone: (516) 873-9550
Email: mtompkins@leedsbrownlaw.com

**POULIN | WILLEY | ANASTOPOULO, LLC**
Paul J. Doolittle, Esq. (pro hac vice forthcoming)
Andre Bèlanger Esq. (pro hac vice forthcoming)
Paul.doolittle@poulinwilley.com

Andre.Belanger@poulinwilley.com
cmad@poulinwilley.com
32 Ann Street Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536

*Attorneys for Plaintiffs*